BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MISCELLANEOUS FIREARMS, AMMUNITION, AND CURRENCY LISTED IN EXHIBIT A,<br><br>　　　　Defendant. | 2:14-MC-00074-MCE-CKD<br><br>STIPULATION AND ORDER EXTENDING TIME FOR FILING A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE |

It is hereby stipulated by and between the United States of America and potential claimant Mike R. Turner ("claimant"), as follows:

1.　On or about February 6, 2014, claimant filed a claim in the administrative forfeiture proceeding with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") with respect to the Miscellaneous Firearms and Ammunition listed in Exhibit A[1] attached hereto and incorporated herein (hereafter "defendant properties"), which were seized on or about October 9, 2013.

2.　The ATF has sent the written notice of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) to all known interested parties.  The time has expired for any person to file a claim to the defendant properties under 18 U.S.C. § 983(a)(2)(A)-(E), and no person other than claimant has filed a

---

[1] The United States has resolved the claims of Craig Mason and LaRay Chambers.  In addition, the United States has decided not to file against the two amounts of currency claimed by Mike R. Turner.  Exhibit A attached contains only the defendant properties that the United States is currently seeking forfeiture of.

1

claim to the defendant properties as required by law in the administrative forfeiture proceeding.

3. Under 18 U.S.C. § 983(a)(3)(A), the United States is required to file a complaint for forfeiture against the defendant properties and/or to obtain an indictment alleging that the defendant properties are subject to forfeiture within ninety days after a claim has been filed in the administrative forfeiture proceeding, unless the court extends the deadline for good cause shown or by agreement of the parties.  That deadline was May 7, 2014.

4. By Stipulation and Order filed May 14, 2014, the parties stipulated to extend to July 7, 2014, the time in which the United States is required to file a civil complaint for forfeiture against the defendant properties and/or to obtain an indictment alleging that the defendant properties are subject to forfeiture.

5. By Stipulation and Order filed July 3, 2014, the parties stipulated to extend to October 6, 2014, the time in which the United States is required to file a civil complaint for forfeiture against the defendant properties and/or to obtain an indictment alleging that the defendant properties are subject to forfeiture.

6. By Stipulation and Order filed October 7, 2014, the parties stipulated to extend to December 5, 2014, the time in which the United States is required to file a civil complaint for forfeiture against the defendant properties and/or to obtain an indictment alleging that the defendant properties are subject to forfeiture.

7. By Stipulation and Order filed November 26, 2014, the parties stipulated to extend to March 5, 2015, the time in which the United States is required to file a civil complaint for forfeiture against the defendant properties and/or to obtain an indictment alleging that the defendant properties are subject to forfeiture.

8. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to further extend to June 3, 2015, the time in which the United States is required to file a civil complaint for forfeiture against the defendant properties and/or to obtain an indictment alleging that the defendant properties are subject to forfeiture.

9. Accordingly, the parties agree that the deadline by which the United States shall be

///

required to file a complaint for forfeiture against the defendant properties and/or to obtain an indictment alleging that the defendant properties are subject to forfeiture shall be extended to June 3, 2015.

Dated: 2/25/15               BENJAMIN B. WAGNER
                             United States Attorney

                         By: /s/ Kevin C. Khasigian
                             KEVIN C. KHASIGIAN
                             Assistant U.S. Attorney


Dated: 2/23/15               /s/ Greg Foster
                             GREG FOSTER
                             Attorney for potential claimant Mike R. Turner
                             (Authorized by email)

**IT IS SO ORDERED**.

Dated: March 3, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

**Exhibit A**

1. Unknown Rifle Cal: unknown SN: none (14-ATF-000769),
2. Unknown Rifle Cal: unknown SN: none (14-ATF-000773),
3. Unknown Rifle Cal: unknown SN: none (14-ATF-000774),
4. Unknown Rifle Cal: unknown SN: none (14-ATF-000782),
5. Unknown Rifle Cal: unknown SN: none (14-ATF-000783),
6. Polytechnologies AKS Rifle Cal: 762 SN: 8748 (14-ATF-000786),
7. Unknown Pistol Cal: unknown SN: none (14-ATF-000789),
8. Unknown Pistol Cal: unknown SN: none (14-ATF-000790),
9. Unknown Rifle Cal: unknown SN: none (14-ATF-000791),
10. Unknown Rifle Cal: unknown SN: none (14-ATF-000792),
11. Unknown Rifle Cal: unknown SN: none (14-ATF-000794),
12. Unknown Receiver/Frame Cal: unknown SN: none (14-ATF-000795),
13. Unknown Rifle Cal: unknown SN: none (14-ATF-000796),
14. Vltor Weapons Systems unknown Pistol Cal: unknown SN: none (14-ATF-001254), and
15. 20 rounds of Winchester-Western ammunition Cal: 20 (14-ATF-001054).

Stipulation and Order to Extend Time