UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL ROBERT TURNER,

Claimant.

No.  2:14-mc-00074-MCE CKD

ORDER

Before the court is claimant's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g).  (ECF No. 13.)  On September 20, 2017, the court heard arguments relating to items 2, 3, 5, and 28 (all other items having been resolved), and on October 11, 2017, the government returned all outstanding property to claimant except for certain contested guns. (ECF No. 18; see ECF No. 19 at 2.)  The parties filed supplemental briefs as to whether the government was required to return the guns pursuant to Rule 41(g).  (ECF Nos. 19 & 20.)  For the following reasons, the court hereby GRANTS claimant's motion for the return of property.

I.    BACKGROUND

On October 9, 2013, law enforcement officers executed a number of federal search warrants related to allegations of the unlawful manufacturing of firearms. (ECF No. 16.)  A number of weapons were seized from claimant Turner, although he was never charged with a crime. Id.  At issue now is the disposition of four weapons, currently in the custody of the Bureau of Alcohol,

Tobacco, Firearms and Explosive, which may or may not be illegal to possess under California law. (ECF No. 19.) The government concedes that it has no authority to keep the weapons, but suggests that the Court allow the government to turn the weapons over to the California Department of Justice, Bureau of Firearms, rather than return them directly to claimant Turner. Id. at 2.

II.     ANALYSIS

In U.S. v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987), the Ninth Circuit held that when federally seized property "is no longer needed for evidentiary purposes, . . . the government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture." In U.S. v. Garcia, 2009 WL 996322, (D. Ariz. April 14, 2009), the district court applied Martinson where the government no longer needed to retain defendant's property as evidence after it was legally seized incident to arrest. The property consisted of a firearm, two gold chains, two cellular telephones, and $4,470.00 cash. Id. at *1.

> On the night of Defendant's arrest, local police officers requested that certain items, the cellular telephones and $4,470.00, be turned over to them as evidence in their investigations. The U.S. Marshal turned over the cellular telephones and $4,470.00 cash to the local police officers[.]

Id. The court characterized this as an "informal transfer" not based on any written policy or protocol between federal and local agencies. Id.

After defendant pled to federal charges, the court ordered forfeiture of the firearm, but the cell phones, two gold chains, and cash remained at large. Id. The government declined to comply with the court's order to return the property, arguing that it had been turned over to local agencies and was now outside the court's jurisdiction. Id. at *2.

After determining it did have jurisdiction over the property, the Garcia court considered whether the government had carried its burden to show the property should not be returned:

> The Government has not claimed ownership or argued it has a right to possession adverse to Defendant. Furthermore, the Government has not demonstrated that the property is contraband or subject to forfeiture in this, or any other, proceeding. . . .
>
> . . .

2

Based on the chain of custody forms, the Court finds that the two cellular telephones and $4,470.00 cash are now in the possession of state authorities[.] Therefore, the Court will order monetary damages as equitable relief. . . . [T]he Court orders the U.S. Marshals Service to return the jewelry, if it has not yet done so.

While the Court does not wish to impede future cooperative ventures between state and federal agencies, . . . the Government produced no admissible evidence that the property is being used as evidence in a state proceeding. Reassurances from the Government's counsel is not admissible evidence. Moreover, Deputy U.S. Marshal Brown testified that there were no written or other documentary requests seeking a release of the property from the U.S. Marshals Service to the local police agencies, nor was he aware of any written memoranda of understanding among task force agencies establishing a protocol for the transfer of seized property. If repeated, the manner in which the Government transferred Defendant's property to local law enforcement could conceivably implicate Fifth Amendment considerations, if not Fourth Amendment ones. How the Court's ruling today affects considerations for future cooperative investigations will be left for another day.

Id. at *5 (emphasis added). Garcia suggests that, once personal property seized by federal law enforcement is no longer needed on the federal level, it cannot simply be passed on to another government agency for possible use as evidence or possible seizure as contraband.

Similarly, in U.S. v. Fitzen, 80 F.3d 387 (9th Cir. 1996), the Ninth Circuit noted that "in the absence of any cognizable claim of ownership or right to possession adverse to that of appellant," a defendant's Rule 41 motion should be granted. Id. at 389, citing U.S. v. Palmer, 565 F.2d 1063, 1065 (9th Cir. 1977). In Fitzen, the Ninth Circuit found that the district court properly denied defendant's Rule 41 motion as to property that was (1) in the possession of the Idaho Bureau of Narcotics and (2) had been forfeited to the state and/or was subject to a state tax levy. To defeat a Rule 41 motion, the Circuit reasoned, "the government need not prove that the government itself is entitled to lawful possession; it is sufficient for the government to prove that Fitzen is not so entitled. Because the government has done so here, the district court did not err." Id. at 389. Here, the government has not shown that the state is the rightful possessor of claimant's property. Indeed, the California Bureau of Firearms does not currently possess

/////

3

claimant's property, nor has it sought to possess it for any reason.[1]

In U.S. v. Gladding, 775 F.3d 1149 (9th Cir. 2014), reviewing the district court's denial for a motion for return of property under Rule 41(g), the Ninth Circuit asserted that "[t]he government can rebut the presumption that property ought to be returned by proving a 'legitimate reason' for retaining the property that is 'reasonable [ ] under all of the circumstances.'" Id. at 1152, citing U.S. v. Kriesel, 720 F.3d 1137, 1145 (9th Cir. 2013) and collecting cases. The undersigned is not aware of any case in which the government rebutted the presumption by asserting that a claimant's possession of the disputed property may violate state law, subject to future determination by state authorities.

In light of the foregoing, the court will order the contested firearms returned pursuant to Rule 41(g).

Accordingly, claimant's motion for return of property (ECF No. 13) is GRANTED as to the contested firearms.

Dated: November 2, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not opine as to the legality of the weapons under California law. Claimant is thus on notice that if the weapons are, in fact, illegal to possess under California law, and he takes possession of them, he may have to face the consequences.

4